UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN JOSEPH SMITH,<br><br>               Petitioner,<br><br>    v.<br><br>SCOTT FRAKES,<br><br>               Respondent. | CASE NO. C10-5921-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>DECEMBER 30, 2011 |

This amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. The petition was referred back to this Court after petitioner complied with a court order and filed an amended petition (ECF No. 30).

The procedural history is complex, and the issues presented by petitioner are not a model of clarity. Nevertheless, after careful consideration, it is clear that petitioner's claims are either not cognizable in a habeas proceeding or that petitioner has failed to exhaust his state court remedies, and he is now barred. Therefore, this Court recommends that the petition be denied.

Petitioner is in custody pursuant to two Kitsap County convictions, one for possession of methamphetamine and one for bail jumping. He was sentenced to a total of 60 months (ECF No. 32, Exhibits 1 and 2).

## FACTS

The Washington State Court of Appeals summarized the facts and procedural history surrounding the possession of methamphetamine conviction as follows:

> On July 13, 2007, officers from the Department of Corrections and Detective Floyd May visited the Chieftain Motel in Bremerton. After arresting one client with an outstanding warrant, they decided to check on another client, Christina Ohnemus, who had a room in the same motel. Kevin Joseph Smith and Ron De'Bose were in Ohnemus's room, and the officers asked the men to leave while they briefly searched the room. Smith walked outside, but De'Bose chose to remain.
>
> While Smith was standing outside the room, Detective May approached and asked his name. Detective May then stepped back a few feet to check for warrants on his hand-held radio. The officer found no outstanding warrants, but the physical description associated with Smith's name stated his eye color was hazel. The detective observed Smith's eyes were blue. Detective May testified that it is common for people with warrants to give a false name, so he asked if

Smith had any identification with him. Smith handed the detective a check cashing card that described Smith's eyes as blue. Due to the continued discrepancy, Detective May asked if Smith had any other identification. While Smith was holding his wallet open, the detective asked if he could look in the wallet and Smith handed it to him.

Detective May looked through Smith's wallet and found several cards with different names. After arresting Smith for identity theft, Detective May searched Smith's wallet and found a small plastic bag containing methamphetamine. The State charged Smith with unlawful possession of methamphetamine. At trial, Smith moved to suppress the evidence found in his wallet. The trial court denied his motion, and a jury found him guilty.

(ECF No. 32, Exhibit 3, page 2 and 3). On direct appeal counsel raised the following grounds for relief:

1. The trial court erred when it entered findings of fact VIII, XV, XVII, and XXI . CP 18-19

2. The trial court erred when it entered conclusions of law III and IV. CP 20.

3. The trial court erred when it refused to suppress unlawfully seized evidence.

(ECF No. 31, Exhibit 4). The findings of fact deal with Detective May asking petitioner his name, and continuing the contact when the physical descriptions did not match (ECF No. 32, Exhibit 4, Appendix). The conclusions of law deal with the detective contacting and searching petitioner Id.

In a statement of additional grounds petitioner raised the following:

| | |
|---|---|
|1| Because of the States late discovery of crime lab report, and the Courts repeated violations of CrR 6.11 CrR 3.3(G) (h), CrR 4.1, 4.2(B), and violations of the mandatory language of Court Rules of "shall", the Court lost its authority, and caused a violation of Mr. Smith's 14th Amendment of the United States Constitution and the 6th Amendment of Washington State Constitution, of Due Process.|

Because of the States late discovery of crime lab report, and the Courts repeated violations of CrR 6.11 CrR 3.3(G) (h), CrR 4.1, 4.2(B), and violations of the mandatory language of Court Rules of "shall", the Court lost its authority, and caused a violation of Mr. Smith's 14th Amendment of the United States Constitution and the 6th Amendment of Washington State Constitution, of Due Process.

. . .

Again the Court set this on July 16, 2007, 51 days, more than enough time for the state to send the substance to the Washington State Patrol Crime laboratory and give a copy prior to the set trial date of September 4th 2007, which is a violation of Discovery Rule of the Court, and a clear violation of the Sixth Amendment to the United States Constitution. . .

Smith raises this argument for September 4th, 2007, September 5th, 2007, September 6th, 2007

. . .

But [I] have asked for a test since July 18, 2007, and the creation of the states mismanagement, has forced me to cho[o]se between my Sixth Amendment right to a speedy trial, and my 14th Amendment right to a fair trial. But by the United States Constitution and the Washington State Constitution I have both these rights, not one over the other.

. . .

A charge not brought to trial within the time limit determined under this rule shall be dismissed with prejudice. This means any part of CrR 3.3, so a violation of 3.3(G) cure period, would create to operate manditory [sic] duty on the court and the conviction must be reversed, and the first amended information that has count one and count two must be dismissed for violation of CrR 3.3.

Also any charges that stem from this case of possion [sic] of a controlled substance, and the bail jumping must be dismissed as frouts [sic] of the poisionist [sic] tree dectrum [sic].

(ECF No. 32, Exhibit 5). In a second statement of additional grounds for relief petitioner argued that his attorney, Mr. Weaver, did not call Mrs. Wynn to testify (ECF No. 32, Exhibit 6). The Prosecuting Attorney's Office filed a response to the briefing.

REPORT AND RECOMMENDATION - 4

Different counsel represented petitioner on his bail jumping conviction and that counsel also appealed the conviction and filed an opening brief. (ECF No. 32, Exhibit 8). The grounds for relief raised were:

A.   ASSIGNMENT OF ERROR

Mr. Smith's right to a speedy trial was violated where he was never arraigned on the bail jump charge in cause number 07-1-01010-4 and the trial court permitted the State to voluntarily dismiss the bail jump charge in cause number 07-1-01010-4 and to refile it as a separate charge in cause number 08-1-00288-6.

B.   ISSUES PERTAINING TO ASSIGMENT OF ERROR

1. Does the State have the authority to voluntarily dismiss a charge?

2. May a trial court dismiss a charge and permit the State to refile a charge for purposes of avoiding a violation of a defendant's right to speedy trial?

3. Was Mr. Smith's right to a speedy trial violated when he was charged with bail jump on January 28, 2008, was never properly arraigned on that charge, but the trial court allowed the State to dismiss the bail jump charge and refile it in a new cause number to avoid the speedy trial issue?

(ECF No. 32, Exhibit 8).

Petitioner also filed a personal restraint petition while his direct appeals were pending. He raised the following grounds for review:

Ground 1

That on 1-28-08 under cause No. 07-1-01010- when the State filed their first amended information to add count two of Bail Jumping I objected to Judge Roof being my trial Judge because Judge Hartman

> pre-assigned himself as my trial Judge on Oct 1 2007, and the amended information should have been filed before Judge Hartman, I objected stating CrR6.11, Judge Roof noted Judge Hartman made rulings on trial motions and set my trial for March 23, 2008 without first making a rulings on CrR6.11 or arraigning me as to both count 1 and count 2 of the first amended information. And set a status hearing for Fed 21, 2008 this is in violation of Criminal Court Rules 4.1(B) and 6.11 in violation of Mandatory language of "shall"
>
> Ground 2
>
> That on 2-22-09 I was brought before Judge Olson for my status hearing and I again objected under CrR 6.11 for substitute Judge, Judge Olsen said she runs her court like this. First she will let the state talk, than Mr. Smith you may talk, so I waited until it was my turn to talk that I again objected to Judge Olsen being my trial Judge because Judge Hartman pre assigned himself as trial Judge on Oct 1, 2007 and that this hearing should be before him not Judge Olsen that's when Judge Olsen Denied my objection to being brought before the court a day later than I was previously set for. This again violated CrR 4.1(B) 6.11 of the Mandatory Language of "shall"
>
> Ground 3
>
> That on March 23, 2008 I went before Judge Spearman on Motion for change of venue that on March 20, 2008 I was before Judge Olsen under cause No. 08-1-00288- who pre-assigned herself as my trial Judge and who we put the Motion before but Judge Olsen transferred it to Judge Spearman I objected under CrR 6.11, and the State objected to my objection stating I can't object because I have an attorney, but the court already permitted me to speak that stop me when I chose to object under CrR 6.11, the court and state violated CrR 4.1(B) 6.11

(ECF No. 32, Exhibit 10). The Washington State Court of Appeals consolidated the personal restraint petition and the two direct appeals (ECF No. 32, Exhibit 11). The convictions were affirmed (ECF No. 32, Exhibit 3).

Petitioner filed a motion for discretionary review and raised the following grounds for review:

> 1. Did the appeals court rely on erroneous facts when they said "Kevin Joseph Smith and Ron De'Bose were in Ohnemuss's Room.
>
> 2. The Washington State Constitution article 1 section 22 focuses on the right of the individual rather than on the reasonableness of the government action.
>
> 3. The officers came into my hotel room, without knocking and announcing and ordered me out of my room, I asked what probable cause was, and was ignored, in violation of the Washington State Constitution.
>
> 4. The finding of fact conclusions of law . . . is contrary to *State v. Ferier*, *Miranda v Arizona*, *State v Smith*, Smith never gave implicit or explicit consent to search, and Miranda warning were never given prior to search.
>
> 5. Defense counsel denied defendant a fair trial when he told Teresa Wynn and Christine Ohnemus not to come to court until sentencing . . . Smith was denied a fair trial in violation of article 1 section 22 of the State Constitution.
>
> 6. Smith told Mr. Weaver to object to Detective May testimony of hearsay of Christine Ohnemus, But Mr. Weaver said it's not hearsay as to the charge, so its allowed in.
>
> 7. Smith's rights under the State Constitution article I, section 22, were violated, when Det. May and DOC Vally entered 336 and told Smith to step out, and when Mr. Weaver told Smith witnesses not to come to court. But to come to Smith's Sentencing.
>
> 8. The Court Denied the Defense a fair trial when it denied the Defense to call Professor John Elliott Briggs . . . Because the Court Denied Smith's compulsory process to call Mr. Briggs, Smith's right under the State Constitution article I, section 22, violated Smith to a fair trial.

REPORT AND RECOMMENDATION - 7

9. What this court must look at is weather the probation officer and the police had authority of law to enter Mr. Smith's "the third parties" room.

10. Smith is making the same argument, article I section 7 of the Washington Constitution provides, "no person shall be disturbed in his private affairs, or his home invaded, without authority or law, under article I, section 7, the requisite authority of law" is generally a search warrant.

11. With Smith the trial court never considered the third parties interests, the court made its ruling on the [t]erry analysis, when it should have considered that both the police and probation officers were talking with the Manager and never asked as to whom the room was rented to, to consider the third parties' interest and the privacy rights of the third party.

12. It is well established that article I, section 7, provides greater protection of privacy rights than the Fourth Amendment.

13. Under Article I, section 7, the officers neglect to find out who rented room 336 when they were both talking to the Hotel Manager, violated Smith's right to be secured in his private affairs and his home, and Smith's right of unreasonable searches, and unreasonable charges of a crime.

14. The court denied Defense the opportunity to present witnesses in Smith's defense.

15. Smith was not running from the prosecution, But was only doing what anyone would have done under the circumstances, and that the State and Bremerton Police Department violate the Washington State Constitution article I, section 7, and article I, section 22, and the violation caused a miscarriage of Justice, and no want of prosecution can cure it.

(ECF No. 32, Exhibit 12). The Washington State Supreme Court denied review without comment (ECF No. 32, Exhibit 13).

In the amended petition for habeas corpus that is now before the Court petitioner raises the following grounds for review:

1. Violation of United States Constitution Amendment IV, security from unwarranted search & seizure.

2. Amendment VI, U.S. Constitution right to have compulsory process for obtaining witnesses in his favor.

3. United States Constitution Amendment VI right to be informed of the nature & cause of the accusation.

4. United States Constitution Amendment IV right to have compulsory process for obtain witnesses in his favor.

5. United States Constitution Amend. V right to due process.

6. United States Constitution Amendment V right to due process mistake or fraud.

7. Violation of United States Constitution Amendment VI right to counsel.

(ECF No. 30, pages 1, 3, 4, 6, 8, and 9). Respondent has answered and contends that the first ground for relief is not cognizable in habeas corpus and the other grounds for relief are unexhausted and procedurally barred. (ECF No. 31)

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502

U.S. 62 (1991); <u>Lewis v. Jeffers</u>, 497 U.S. 764 (1990); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

1. Fourth Amendment Search and Seizure, ground for relief number 1.

The Fourth Amendment assures the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." Courts will exclude evidence in order to effectuate these rights. <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976). However, the exclusionary rule itself is not a personal constitutional right. <u>Id</u>. at 486. The rule is a judicially created remedial device designed to deter future misconduct by removing the incentive to disregard the

Fourth Amendment. Id. at 484. Evidence obtained in violation of the Fourth Amendment is excluded in the hope that the frequency of future violations will decrease. Id. at 492. Under Franks v. Delaware, 438 U.S. 154, 156 (1978), and United States v. Ippolito, 774 F.2d 1482, 1485 (9th Cir.1985), evidence seized pursuant to a search warrant or wiretap must be suppressed if the defendant can prove by a preponderance of the evidence that: (1) in the affidavit in support of the search warrant or wiretap, the affiant included a statement that the affiant knew was false or the court recklessly disregarded the veracity of the affiant, and (2) the false statement was necessary to the court's finding of probable cause.

As with any remedial device, application of the exclusionary rule is restricted to those areas in which its remedial objectives are thought to be most efficaciously served. United States v. Calandra, 414 U.S. 338, 348 (1974). The Supreme Court recognized that implementation of the exclusionary rule at trial and on direct appeal discourages law enforcement officials from violating the Fourth Amendment. Powell, 428 U.S. at 492-93. "But the additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs." Id. at 493. For this reason, the Powell Court removed Fourth Amendment claims from the scope of federal habeas corpus review. The Supreme Court held:

> "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not

> require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

Powell, 428 U.S. at 482. Powell bars habeas corpus review of such claims so long as the petitioner had the opportunity to litigate the claims.

An "opportunity for full and fair litigation" means just that -- an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, then the petition will be denied whether or not the defendant employs those processes. See id.; Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990); Caldwell v. Cupp, 781 F.2d 714, 715 (9th Cir. 1986).The Washington Superior Court Criminal Rules provide for a full and fair opportunity to litigate Fourth Amendment claims. See Washington State Criminal Procedure Rule CrR 3.6.

As noted by the Washington State Court of Appeals, petitioner raised his Fourth Amendment claims at trial when he moved to suppress the evidence found in his wallet (ECF No. 32, Exhibit 3, page 3). His Fourth Amendment issue was also before the Washington State Court of Appeals and it was considered on the merits (ECF No. 32, Exhibit 3 pages 3 to 7). Petitioner raised this issue in his motion for discretionary review filed in the Washington State Supreme Court

(ECF No 32, Exhibit 12, page 1).The Washington State Supreme Court denied the motion for discretionary review without comment (ECF NO. 32, Exhibit 13).

Petitioner's first ground for relief should be denied because petitioner had a full and fair opportunity to litigate that issue in state court and he did so.

2.  All other grounds for relief, exhaustion, procedural bar, and actual innocence.

The Fourth Amendment ground for relief is the only ground for relief that petitioner raised as a federal constitutional issue at both the Washington State Court of Appeals level and the Washington State Supreme Court Level. In the petition for discretionary review, petitioner did argue that the warnings mandated in <u>Miranda</u> should be expanded to include searches, (ECF No. 32, Exhibit 12, page 3), but he is still addressing a Fourth Amendment search and seizure claim. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). (ECF No. 32, Exhibit 12). All other grounds were raised as potential violations of the Washington State Constitution. Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. <u>Estelle v. McGuire</u>, 502

U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v.

Henry, 513 U.S. 364, 365-66 (1995). The petitioner must present the claims to the state's highest court, even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995).

A petitioner must present the claims to the state's highest court based upon the same federal legal theory and factual basis as the claims are subsequently asserted in the habeas petition. Hudson v. Rushen, 686 F.2d 826, 830 (9th Cir. 1982), cert denied 461 U.S. 916 (1983); Shiers v. California, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the state trial court improperly admitted evidence because petitioner never presented such a claim to the state court). Specifically, a petitioner must apprise the state court that an alleged error is not only a violation of state law, but a violation of the Constitution. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal protection, or a fair trial are not enough. Gray v. Netherland, 518 U.S. 152, 162 (1996); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087 (2000) (petitioner's statement that the state court's cumulative errors denied him a fair trial was insufficient to specifically articulate a violation of a federal constitutional guarantee); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). A petitioner must include reference to a specific federal constitutional guarantee, as well as a

statement of the facts that entitle the petitioner to relief. Gray v. Netherland, 518 U.S. at 162-163.

Petitioner has failed to exhaust his grounds for relief because the issues were raised as violations of the Washington State Constitution, and not specifically as federal claims. Specifically, a petitioner must appraise the state court that an alleged error is not only a violation of state law, but a violation of the United States Constitution. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). In Duncan, petitioner, Robert E. Henry, raised his claims as a miscarriage of justice under the California Constitution. That did not put the Court on notice that a federal constitutional claim was being raised. Duncan 513 U.S. at 364. The Ninth Circuit in Hiivala stated;

> To "fairly present" his federal claim to the state courts, Hiivala had to alert the state courts to the fact that he was asserting a claim under the United States Constitution. Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. *See id*. at 366, 115 S.Ct. 887. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *See* Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). Thus, stating that grounds for relief are being raised as violating the Washington State Constitution does not exhaust the claims under the United States Constitution.

Normally, the court will dismiss petitions with unexhausted grounds for relief so that the petitioner may return to state court and attempt to exhaust his grounds for relief. However, if a person may not return to state court because of the state's procedural rules, then the grounds for relief are considered exhausted, but procedurally defaulted. The petitioner cannot return to state court in this case because the state does not allow second or successive petitions and the petitioner has exhausted all available avenues of review. See RCW 10.73.140. In addition, he would be well beyond the one year time allowed for challenging a conviction in state court. See, RCW 10.73.090.

A state petitioner seeking federal habeas review of his or her conviction or sentence on a procedurally defaulted constitutional claim must establish either: (1) cause for the default and actual prejudice resulting from the alleged constitutional error; or (2) that a fundamental miscarriage of justice will result if the claim is not reviewed. If petitioner claims that there has been a fundamental miscarriage of justice, then petitioner must prove his or her "actual innocence."

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal

law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner in this case cannot show cause and prejudice as nothing that the state did prevented him from filing his petitions or moving for discretionary review. Nor may he show actual innocence because he does not contest that methamphetamine was found in his wallet or that he did not appear in court on the date originally set by the court. The Court recommends that the petition be denied. The first ground for relief is not cognizable in habeas and the remaining grounds for relief are procedurally barred.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 30, 2011, as noted in the caption.

## Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A

certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Dated this 8th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge